## MARY REDWOOD

*vs.*

## THE METROPOLITAN RAILROAD COMPANY.

A principal is not liable in exemplary damages for the tort of his agent, unless he is derelict in connection with the offense of the agent.

Law. No. 3451.    Decided October 30, 1868.

ACTION against a street railway company to recover damages for injuries received in being thrown by the conductor from a street car in motion, verdict for plaintiff and motion for a new trial on exceptions. The only question in the case was whether the Court below erred in overruling a prayer of the defendant that the plaintiff was not entitled to recover exemplary damages.

MR. JOS. H. BRADLEY, for plaintiff.

MR. N. WILSON, for defendant.

I. The Court below erred in its instruction as to the measure of damages in this case.

Conceding that punitive or vindictive damages may be given in a civil action when there has been gross negligence or willful injury, the rule is confined to those cases in which the malice, willfulness, or gross negligence of the *actual defendant* occasioned the injury. The doctrine of vindictive damages is utterly indefensible, except upon the theory that it affords a means of punishing *wicked intentions.* In cases where the actual defendant is incapable of forming an intent, or has done no act indicative of an intent, the reason of the rule ceases to exist, and with the reason the rule disappears.

Therefore, in actions for trespass against a railroad corporation for the trespass of one of its servants punitive or vindictive damages cannot be recovered unless it is shown that the company expressly or impliedly participated in the tortious act, by authorizing it before or approving it after it was committed. Hagan *vs.* Providence and Worcester R. R. Co., 3 R. I., 88; Wardrobe *vs.* Cal. Stage Co., 7 Cal., 118. Wall *vs.* Mayor N. Y., 2 Hill, 240; Milwaukee and Mississippi R. R. Co. *vs.* Finney, (10 Wis., 388); Hill *vs.* N. O. and O. and G. R. R., (11 La. An. Reps., 292); McGuin *vs.* Golden Gate, 1 McA., 104; Hill *vs.* Chamberlain, 3 Wheaton, 546.

II. The Court below erred in rejecting evidence of the instructions issued by the company to its employees. The question presented to the jury was as to the negligence and gross negligence of the defendant. The object was to reduce damages by showing the care exercised by the defendants; for this purpose the evidence was clearly admissible. Am. Railway Cases, vol. 2, p. 162.

MR. CHIEF JUSTICE CARTTER delivered the opinion of the Court:

We think that the Court below erred in overruling the instruction prayed by the defendants, to the effect that the plaintiff was not entitled to vindictive or exemplary damages, but only to compensation for whatever loss, pain or injury the defendant might have sustained.

In this case it does not appear but that the defendant used all necessary diligence to secure the safety of the passengers on the road. The law will not allow exemplary damages to be inflicted on a principal for the act of his agent, unless it be shown that the principal was derelict in connection with the offense of the agent. Nothing of the kind was shown here, and a new trial must, therefore, be granted.